**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**

**FILED**

May 22, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) |
| Appellee, | ) C.C.A. NO. 01C01-9708-CR-00362 |
| | ) |
| | ) SUMNER COUNTY |
| VS. | ) (10248A & 10248B Below) |
| | ) |
| RICKY GENE WILKERSON, | ) The Hon. Jane Wheatcraft |
| AND TINA LYNN WILKERSON, | ) |
| | ) (Certified Question of Law) |
| Appellants. | ) AFFIRMED PURSUANT TO RULE 20 |

## O R D E R

This matter is again before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Previously, this Court ordered that the appellants would have 10 days to request that the trial court clerk certify and transmit a supplemental record which included the final judgments. The supplemental record is now before the Court, and after reviewing the pleadings and the entire record on appeal, we find that this is an appropriate case for affirmance pursuant to Rule 20 and therefore, grant the state's motion.

The appellants pled guilty to possession of marijuana with intent to sell. It appeared that they had reserved a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(i) regarding the search of their home, however, the final judgments were not included in the record on appeal. Instead, the record included the agreed orders, entered on August 13, 1997, wherein the appellants' pleas were accepted by the trial court and it was expressly stated that the appellants were reserving the right to appeal the search as a certified question of law with the consent of the state and of the trial court and that the issue was dispositive of the case. The final judgments, now before this Court, incorporate by reference the agreed orders which set forth the certified question of law.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our Supreme Court held:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

Id. at 650. See also, State v. Pendergrass, 937 S.W.2d 834, 837-38 (Tenn. 1996). It appears that our Supreme Court relaxed the Preston requirements to some extent by its order in State v. Sarah Hutton Downey, No. 03C01-9307-CR-00221, Hamilton County (filed July 6, 1994). In Downey, this Court dismissed an attempted appeal on a certified question of law, finding "[i]n this case the final order simply incorporated by reference various issues the appellant raised in several motions before the trial court." Our Supreme Court remanded the case "for consideration of the certified issue," and set forth what it had determined the certified issue to be. In the present case, the final judgments clearly incorporate by reference the agreed orders which set forth the certified question of law. Accordingly, the Court finds that the appellants' certified question is properly before us.

The specific issue raised by the appellants is whether the state failed to show that appellant Ricky Gene Wilkerson knowingly and voluntarily consented to the warrantless search of the appellants' home. After a hearing on the motion to suppress, the trial court entered a written order denying the motion and making the following findings:

> Defendant Ricky Gene Wilkerson did not make a credible witness. He was evasive in the manner in which he answered questions. The Court finds that he gave consent to the officers to enter the premises and that he knowingly signed the Consent to Search form. The Court does not believe his testimony that he asked the officers to leave. The officers are experienced, conscientious task force officers who know what their legal boundaries are. Off. Bunch candidly admitted to this Court that they conduct a "knock & talk" when they do not have probable cause for a search warrant.

> The Court finds it significant that defense counsel candidly admitted that no suppression issue was raised until the defense could not make the State back down from its offer of six (6) months to serve for the Defendant Ricky Gene Wilkerson. Defense counsel stated that the Wilkersons were trying to keep the children from being involved. Yet when the State refused to back down from its plea offer, a motion to suppress was filed and a ten (10) year old child was put on the stand to testify and be subjected to intense cross examination. If a legitimate suppression issue existed, it existed in November of 1996. Significant issues such as suppression motions should not be used as a tactic to coerce the District Attorney into a more favorable plea agreement.

> This court is aware that the State bears a heavy burden to establish that consent is voluntarily given. The State has met that burden.

A search conducted without a warrant is per se unreasonable unless it falls within a specifically established and well-delineated exception. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). Voluntarily

given consent is an established exception to both the warrant and probable cause requirements. Id. at 219, 93 S.Ct. at 2043-44; see also State v. Bartram, 925 S.W.2d 227, 230 (Tenn. 1996). The state has the burden of showing, by a preponderance of the evidence, that the consent to a warrantless search was given freely and voluntarily. Id.

The question of whether appellant Ricky Gene Wilkerson voluntarily consented to the search was a factual question regarding credibility, and the trial court accredited the police officer's testimony. Questions concerning the credibility of witnesses and weight and value to be given their testimony are for resolution by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Moreover, on appeal, a trial court's findings of fact on a motion to suppress are conclusive unless the evidence preponderates against those findings. State v. Woods, 806 S.W.2d 205, 208 (Tenn. Crim. App. 1990); State v. Johnson, 717 S.W.2d 298, 304-05 (Tenn. Crim. App. 1986). We conclude that the evidence in the record supports the trial court's findings.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment pursuant to Rule 20 is granted. The judgment of the trial court is hereby affirmed. The petitioner being indigent, costs of this appeal are taxed to the state.

ENTER, this the _____ day of May, 1998.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE